**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**UNITED STATES OF AMERICA**                                                   **RESPONDENT**

**V.**           **CRIMINAL NO. 3:01cr161WN
CIVIL NO. 3:04cv620WN**

**REX BENJAMIN FOSTER**                                       **PETITIONER/DEFENDANT**

**<u>ORDER</u>**

Before this court is the motion of the petitioner Rex Benjamin Foster. He brings this motion pursuant to Title 28 U.S.C. § 2255,[1] seeking to vacate his sentence or to modify his sentence in federal court to run concurrently with his state court sentence[2] which was imposed for violations relating to the charge in this case. The petitioner contends that his consecutively-imposed sentence is illegal; that his plea was involuntary; that his counsel was ineffective; that he was denied his right of appeal; and that he has suffered double jeopardy as a result of his sentence. The United States of America challenges all of petitioner's claims.

The petitioner, a former attorney, on or about May 8, 2000, was indicted by a federal Grand Jury for possession of child pornography for the purpose of inducing a

---

[1] Title 28 U.S.C. § 2255 provides in pertinent part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[2] Foster entered a plea of guilty to a charge of sexual battery in violation of Miss. Code Ann. § 97-3-95 (Rev. 2000) in Cause No. WSY in the Circuit Court of the First Judicial District of Hinds County, Mississippi. He was sentenced in 2001 to serve a term of 15 years.

minor to participate in illegal activity in violation of Title 18 U.S.C. § 2252A(a)(5)(B).[3] Ultimately, the petitioner determined that a contested trial would be a futile exercise, so, he engaged in plea negotiations and executed a Memorandum of Understanding with the United States Attorney General's Office on February 7, 2002. By the Memorandum of Understanding, the petitioner agreed to enter a plea of guilty in exchange for the United States Attorney's recommendation that sentencing would be within the lower 25% of the guideline sentencing range as calculated by this court. The United States Attorney also agreed to recommend to this court that any sentence of confinement be imposed concurrently with any other sentence imposed by a state court.

## THE PLEA

At the time the petitioner entered his guilty plea before this court on February 7, 2002, he was serving a sentence of fifteen (15) years in the Mississippi State Penitentiary for violation of the state's sexual battery statute.[4] So, the petitioner had a

---

[3] Title 18 U.S.C. § 2252A(a)(5)(B) provides that "[a]ny person who – (5) ... (B) knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer ... for purposes of inducing or persuading a minor to participate in any activity that is illegal ... shall be punished as provided in subsection (b)." Subsection (b)(2) provided in June of 2002 that one who violated subsection (a)(5) could be fined and imprisoned for a term not more than 5 years.

[4] Mississippi Code Ann. § 97-3-95 provides that, "(1) A person is guilty of sexual battery if he or she engages in sexual penetration with: (a) Another person without his or her consent; (b) A mentally defective, mentally incapacitated or physically helpless person; (c) A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.

(2) A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the

keen interest in obtaining a concurrent sentence in federal court, particularly when he was advised by the United States and this court that the maximum sentence for violation of the federal possession of child pornography materials statute was sixty (60) months (see footnote 3), a sentence which could be served concurrently and not add to the fifteen (15) years he already was serving on his state court conviction.

      This court reviewed the Memorandum of Understanding and asked the petitioner if he had discussed the agreement with his attorney and whether he understood it.  The petitioner responded that he had discussed it, and that he did understand it.  This court then asked the petitioner, "... do you understand that the government's recommendation would not be binding on this court?"  The petitioner responded, "I do, your honor."  To reinforce the point, this court then asked, "[d]o you understand that I am free to ignore any recommendation that the government makes?"  The petitioner replied, "yes, your honor."[5]  Later, after explaining the method for calculating the sentence pursuant to the guidelines, this court stated, "[t]he government is also prepared to recommend at sentencing that any sentence imposed, if it includes confinement, be served concurrently with any state court sentence.  Did you understand that recommendation?"  The petitioner replied, "I do, your honor."  Once again, in order to be completely clear about the matter, this court asked, "do you

---

child including without limitation the child's teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.

    [5]Paragraph six of the Memorandum of Understanding states that, "[i]t is further understood by the Defendant that the Court, ..., is not required to accept the recommendation of the United States Attorney, and the United States Attorney has no obligation in regard to sentencing other than as stated in ¶'s 2 and 3."

understand that I'm not bound to follow that," and, "[t]hat I could instead determine your sentence, if I impose a sentence of confinement, should be served consecutively. Do you understand that?" The petitioner responded, "yes, your honor." So, when the defendant entered his plea of guilty, he repeatedly responded that he understood that this court was not bound to accept any recommendation submitted pursuant to the Memorandum of Understanding, and that the court could impose a federal sentence of confinement consecutively, rather than concurrently as recommended by the United States Attorney.

The Memorandum of Understanding also contained certain waivers, particularly the waiver of the petitioner's right to appeal his conviction or the manner in which his sentence was imposed; and the waiver of his right to pursue habeas corpus relief pursuant to Title 28 U.S.C. § 2255.

## **SENTENCING**

The petitioner came before this court for sentencing on June 6, 2002, and testimony was presented by the United States showing that at least one of the petitioner's victims, a minor who had been an excellent student, had been so traumatized by the petitioner's actions that he twice had to be institutionalized for depression and for treatment relating to self-mutilation. Testimony also established that the petitioner victimized at least two other minors. This court determined that, in order to derive a reasonable punishment for the offense, this court's sentence of confinement should be imposed consecutively to the state court sentence already

imposed. United States Sentencing Guideline § 5G1.3[6] (c) states, "(Policy Statement) [i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Since the petitioner first was convicted and sentenced in state court, and was obtained from the State of Mississippi for federal sentencing upon a Writ of Habeas Corpus ad Prosequendum, he was returned to state custody to complete serving his state court sentence. The United States Marshal placed a Detainer with the appropriate officials of the Mississippi Department of Corrections so that at the time the petitioner is released from state custody, having discharged his state court sentence, he then may be taken into federal custody to serve the term of confinement imposed by this court.

## THE APPEAL

Notwithstanding his agreement to waive the right of appeal, the petitioner filed a notice of appeal on July 2, 2002. The United States Court of Appeals for the Fifth Circuit remanded the case, directing this court to determine whether the notice of appeal had been filed in a timely manner. This court conducted a hearing on the matter and subsequently entered its Order dated March 7, 2003, granting the

---

[6]United States Sentencing Guideline § 5G1.3 addresses imposition of a sentence on a defendant subject to an undischarged term of imprisonment. United States Sentencing Guideline § 5G1.3 divides the undischarged terms of imprisonment into the following three categories: **(a)** a term of imprisonment being served when the instant offense was committed; **(b)** a term of imprisonment based on relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments); and **(c)** an undischarged term of imprisonment in any other case.

petitioner an extension of time to appeal. On November 17, 2003, the Fifth Circuit granted the motion of the United States to dismiss the petitioner's appeal based on his having waived to right to appeal when he entered into the Memorandum of Understanding with the United States Attorney. Then, on August 11, 2004, in spite of having waived the right to collaterally attack his conviction and sentence, the petitioner filed this motion under Title 28 U.S.C. § 2255 to vacate his sentence.

## THE MOTION TO VACATE SENTENCE UNDER § 2255

As earlier stated, the petitioner contends that his sentence, imposed consecutively, is illegal. The petitioner also contends that his plea was involuntary because he thought his sentence would be imposed concurrently with the state sentence he already was serving.

The petitioner next argues that he relied upon his attorney's representation, and that of the Assistant United States Attorney, that while this court had discretion with regard to the Memorandum of Understanding, it could not impose any federal sentence of confinement consecutively in this particular case.

Finally, the petitioner claims that he was denied his right of appeal and that he is the victim of double jeopardy.

### A. The Sentence is Properly Imposed Consecutively

The petitioner's contention that his sentence is illegal because it was imposed by the court consecutively is without merit. Section 5G1.3(c) provides the authority for this court to impose a sentence of confinement consecutively, stating that a "sentence for the instant offense may be imposed to run concurrently, partially concurrently, or

consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

The petitioner's contention that Section 5G1.3(b)[7] should be applied instead of subsection (c) is particularly without merit because subsection (b) requires that the undischarged term of imprisonment must have resulted from an offense taken into account in the determination of the sentence for the instant federal offense. *See United States v. Rangel*, 319 F.3d 710, 714 (5th Cir. 2003), a case where the district court added four levels to petitioner's offense level when determining a sentence for being a felon in possession of a firearm. The four level increase was imposed because the defendant possessed a firearm in connection with the related state court felony conviction for delivering cocaine in a drug free zone. The Fifth Circuit in *Rangel* ruled that the federal sentence had to be imposed to run concurrently with the undischarged state court imposed term of imprisonment under 5G1.3(b) because both the federal and the state sentences arose from the same conduct. *Rangel* does not apply in the instant case.

---

[7]Section 5G1.3(b) provides that, "[i]f subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1) The court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) The sentence for the instant offense **shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.**

This court here imposed a sentence in this case for a completely separate and distinct offense from the state court charge of sexual battery. This court derived neither the offense level nor the petitioner's criminal history from the state court sentence for sexual battery. Mississippi Code Ann. § 97-3-95 (Rev. 2000) imposes punishment upon anyone who is found guilty of engaging in sexual penetration with certain classifications of minors. The petitioner was convicted in this court under Title 18 U.S.C. § 2252A(a)(5)(B) for possession of an image of child pornography which was preserved on a computer hard drive, and which had moved in interstate commerce. This court did not include in its calculations under the guidelines any additional offense levels because of the petitioner's state court sentence for sexual battery. Thus, Section 5G1.3(c) applies, and this court's sentence properly is imposed consecutively to the petitioner's undischarged state court sentence.

### B. Double Jeopardy

The petitioner has waived the right to appeal his sentence on the ground of double jeopardy or to attack his sentence collaterally on any ground whatsoever. Nevertheless, even if the petitioner were entitled to raise this claim, double jeopardy simply is not present in this case.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution[8] protects against successive prosecutions for the same offense after

---

[8]The Fifth Amendment to the Constitution of the United States provides that, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; *nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb*; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without

acquittal or conviction and against multiple criminal punishments for the same offense. *Monge v. California*, 524 U.S. 721, 727-28, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615 (1998).  This means that the Double Jeopardy Clause "protects against a second prosecution for the *same offense* after acquittal.  It protects against a second prosecution for the *same offense* after conviction.  And, it protects against multiple punishments for the *same offense*." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (emphasis added).

This petitioner, in state court, was prosecuted, found guilty, and sentenced to serve fifteen (15) years in Mississippi for sexual battery involving a minor.  In this court, the petitioner pleaded guilty to possessing child pornography.  The United States Supreme Court described the initial test for determining whether two offenses are the same for double jeopardy purposes in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).  Pursuant to *Blockburger*, this court must ask, "whether the offense charged in the subsequent prosecution requires proof of a fact which the other does not." *United States v. Rodriguez*, 948 F.2d 914, 917 (5th Cir. 1991), *cert. denied*, 504 U.S. 987, 112 S.Ct. 2970, 119 L.Ed.2d 590 (1992).  Only if the application of *Blockburger* reveals that the offenses have identical statutory elements, or that one is a lesser included offense of the other, is the subsequent prosecution barred." *Grady v. Corbin*, 495 U.S. 508, 516, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548, 561 (1990).

---

just compensation."

This court need not engage in an extended analysis to conclude that the petitioner's state court charge and the federal court charge are not the same offenses and do not involve identical statutory elements.  Moreover, neither the charge in state court nor the charge in federal court is a lesser included offense of the other.  In this court the petitioner was charged with, pleaded guilty to, and was convicted of possessing at least one image of child pornography in violation of the current version of 18 U.S.C. § 2252A (see footnote 1), the elements of which include distribution, receipt, or possession of only one image of child pornography which was transported in interstate commerce by any means, including by computer, in order to sustain a conviction.  *See United States v. Runyan*, 290 F.3d 223, 241-42 (5th Cir. 2002) (discussing the elements of § 2255A).  None of these elements is required for proof of sexual battery under Mississippi law, nor is any element of sexual battery under state law required for proof of the federal charge.  Thus, the petitioner's double jeopardy argument not only is waived, but is without merit.

### C.  Denial of the Right to Appeal

The petitioner waived his right to  appeal.  Sill, he appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit.  His appeal was remanded to this court for determination of whether the original notice of appeal was timely filed.  This court found the notice of appeal to be timely.  Then, the Fifth Circuit dismissed the petitioner's appeal, finding that the petitioner had waived the right to appeal.  His assertion, that his appeal rights have been denied, is wholly without merit.

### D.  Voluntary Plea

The petitioner contends that his plea of guilty was involuntary because he understood that this court would impose his federal sentence to be served concurrently with his state sentence;  otherwise, says the petitioner, he would not have entered a guilty plea.  This is not what the petitioner told this court the day he entered his plea.

At the time the petitioner pleaded guilty, this court engaged in an extensive colloquy with the petitioner which established, among other things, that his plea was knowing and voluntary.  See *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995); *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir.1991), *cert. denied*, 503 U.S. 988, 112 S.Ct. 1678, 118 L.Ed.2d 395 (1992) (defendant must have a full understanding of what the plea connotes and of its consequences).  The petitioner's sworn statements in open court acknowledging that his plea was voluntary are entitled to a strong presumption of truthfulness.  *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001), citing *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). The Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).

The petitioner acknowledged that no one had promised him any sentence in exchange for his plea, and that he understood that only this court could determine his sentence.  As noted above, the petitioner specifically acknowledged that this court was not bound by the Memorandum of Understanding, and that any sentence of confinement ordered by this court could be imposed consecutively to his undischarged state court sentence.  So, the petitioner's sworn statements preclude the relief he

11

seeks here because they contradict any assertion that he was misled about his sentence or that he was promised any specific sentence, or that his plea and admissions at the time he was convicted were anything other than voluntary.

### **INEFFECTIVE ASSISTANCE OF COUNSEL**

In the Fifth Circuit, an ineffective assistance of counsel argument may survive a waiver of appeal when the claimed assistance directly affects the validity of that waiver, or affects the voluntary nature of the plea. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Nevertheless, the Fifth Circuit finds no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights when they desire to reach a plea agreement. *Id.*, citing *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). The Fifth Circuit also recognizes that an individual may waive the Sixth Amendment[9] right to effective assistance of counsel. *Id.*, citing *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

In the instant case, the petitioner submits that his counsel was ineffective, claiming that counsel induced the petitioner to enter into a plea agreement because this court would impose a term of confinement concurrently with his state sentence. So, because this court, based on the evidence presented at sentencing, determined that a concurrent sentence would not represent a reasonable punishment for the

---

[9]The Sixth Amendment to the Constitution of the United States provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, *and to have the assistance of counsel for his defense* (emphasis added)."

crime committed, the petitioner now wishes to blame counsel for this court's decision and be permitted to pursue post-conviction relief.

At this court's direction, the petitioner's attorneys submitted affidavits in response to the petitioner's motion for habeas corpus relief. The petitioner's counsel stated, among other things, that they found the evidence against the petitioner to be clear and convincing, and that they advised the petitioner to enter a guilty plea. The attorneys stated that at all times they sought concurrent application of any term of confinement and negotiated an agreement with the United States Attorney to make this recommendation. The United States agreed to make this recommendation, and advised this court that the United States did not and would not oppose concurrent application. Petitioner's counsel also state in their affidavits that they advised the petitioner before he entered his guilty plea about the relevant portions of the sentencing guidelines, including the part dealing with concurrent and consecutive sentencing. They aver that they informed the petitioner, before he entered his guilty plea, that this court could depart from the sentencing guidelines and impose a greater sentence than what the Memorandum of Understanding recommended.

This court already has noted that the record is full of statements made by this court to the petitioner with respect to the consequences of entering a plea of guilty. This court explained to the petitioner that he had a right to plead not guilty and to be tried by a jury. This court also advised petitioner of the danger of perjury if he was not truthful. Furthermore, the court made clear that it was not bound by any of the terms of the Memorandum of Understanding and that it would impose a sentence in accordance with the United States Sentencing Guidelines. To all the court's inquiries

the petitioner responded that he understood his rights, that he understood what he was giving up by way of his plea, and that he understood that this court was not bound to impose any federal sentence of confinement concurrently.  Thus, the petitioner's counsel committed no error with regard to the plea proceeding.

The federal courts universally recognize two components to an ineffective-assistance of counsel claim: (1) deficient performance and (2) prejudice.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In the context of a whether the guilty plea is voluntary, the first prong of the *Strickland* test concerns whether "counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"  *Id.* at 2064.  Petitioner must demonstrate that "'counsel's representation fell below an objective standard of reasonableness,' with reasonableness being judged under professional norms prevailing [at] the time counsel rendered assistance."  *Black v. Collins*, 962 F.2d 394, 401 (5th Cir.1992) (quoting Strickland, 104 S.Ct. at 2064).

To satisfy the prejudice prong, the prejudice must be such "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993) (quoting *Strickland*, 104 S .Ct. at 2064).  The petitioner sufferd no prejudice in this case.

This court considers two factors in analyzing the second prong of *Strickland* in a guilty plea circumstance: (1) whether, but for counsel's error, the defendant would not have pleaded guilty but would have insisted on a trial; and (2) whether a counsel's deficient performance caused the outcome of the proceeding to be unreliable or the

14

proceeding to be fundamentally unfair.  See *Hill v. Lockhart*, 106 S.Ct. 366, 369-70; and *Armstead v. Scott*, 37 F.3d 202, 206-07 (5th Cir.1994).  This court already has found no basis for any claim of error against the petitioner's counsel, hence, there also is no basis for any claim that the petitioner's sentencing proceeding was unfair or unreliable.

## CONCLUSION

Therefore, based upon the foregoing analysis, this court hereby denies the motion of the petitioner Rex Benjamin Foster, for relief under Title 28 U.S.C. § 2255, whereby in said motion petitioner seeks to vacate his sentence or to modify his sentence in federal court to run concurrently with his state court sentence [**Docket No. 29-1**].  All other motions are terminated as moot.


**SO ORDERED** this the 28th day of June, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE


CRIMINAL NO. 3:01cr161WN
Order